816 So.2d 669 (2002)
Cindy MOUNT, as Personal Representative of the Estate of Lorraine Morrison, Deceased, Appellant,
v.
CAMELOT CARE CENTER OF DADE, INC., Appellee.
No. 3D00-1026.
District Court of Appeal of Florida, Third District.
March 20, 2002.
Rehearing and Rehearing Denied June 5, 2002.
Roy D. Wasson and Joseph A. Glick, for appellant.
Daniels, Kashtan, Downs & Oramas, John E. Oramas and Michael Kashtan; and Jay M. Levy, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
Rehearing and Rehearing En Banc Denied June 5, 2002.
GODERICH, J.
The plaintiff, Cindi Mount, as Personal Representative of the Estate of Lorraine Morrison, deceased, appeals, and the defendant, Camelot Care Center of Dade, Inc. [Camelot], cross-appeals, from a final judgment entered following a jury trial.
Ms. Morrison, a seventy-six-year-old woman, died several hours after she fell at Camelot, a licensed assisted living facility. The plaintiff filed suit against Camelot alleging in Count I that Camelot was negligent in failing to take precautions to prevent Ms. Morrison from falling, failing to notify a physician that Ms. Morrison had fallen, failing to notify Ms. Morrison's family *670 that she had fallen, and failing to properly monitor Ms. Morrison after she fell. In Count II, the plaintiff alleged that Camelot violated section 400.428, Florida Statutes (1997), the Assisted Living Facility Resident Bill of Rights [Bill of Rights], because the decedent's jewelry was missing after she passed away.
Prior to the start of trial, the plaintiff moved in limine to exclude evidence that Ms. Morrison's only child and potential heir, Billy Craig Morrison, had a prior drug and alcohol problem. In support of admission of this evidence, Camelot argued that "the jury [was] entitled to know what kind of person [was] going to try to recover money." After further argument, the trial court denied the motion in limine ruling that the evidence was admissible to explain the relationship between Ms. Morrison and her son. During trial, the plaintiff's objections to references or questions regarding Billy Craig Morrison's prior drug or alcohol use were overruled.[1]
The jury found no negligence on Camelot's part. The jury, however, found that there was a violation of the Bill of Rights which was the legal cause of the missing jewelry and awarded $5,000 to the plaintiff. The trial court denied the plaintiffs motion for new trial. The plaintiff appealed, and Camelot cross-appealed.
The plaintiff contends that the trial court erred by denying its motion in limine and by allowing Camelot to elicit evidence that the decedent's only son had a past drug and alcohol problem. We agree.
Even if evidence is relevant, section 90.403, Florida Statutes (2000), "requires the trial court to balance the danger of unfair prejudice against the probative value of the evidence sought to be introduced. Application of the balancing test necessarily involves an exercise of discretion." Nichols v. Benton, 718 So.2d 925, 926 (Fla. 1st DCA 1998). In the instant case, there can be no doubt that the trial court abused its discretion in its application of the balancing test. When weighing the probative value of the evidence regarding Billy Craig Morrison's past drug and alcohol problem with the unfair prejudice, the probative value is substantially outweighed by the danger of unfair prejudice. See Nichols, 718 So.2d at 926; Simmons v. Baptist Hosp. of Miami, Inc., 454 So.2d 681 (Fla. 3d DCA 1984).
Camelot argues, however, that even if the trial court erroneously admitted the evidence, the error was not reversible because the contested evidence went only to the issue of damages, not to the jury's determination that Camelot was not negligent. We disagree. Although evidence regarding Billy Craig Morrison's past drug and alcohol use has nothing to do with whether Camelot was negligent, this type of evidence inflamed the jury against Billy Craig Morrison, the decedent's only child, thereby denying the plaintiff a fair trial. See Nichols, 718 So.2d at 928; Simmons, 454 So.2d at 682. We are compelled to reverse and remand for a new trial on all issues.
As a result of our disposition of the above issue, we do not reach the remaining issues raised in the appeal and cross-appeal.
Reversed and remanded for new trial on all issues.
NOTES
[1] During cross-examination, Billy testified that in 1996 he entered a rehabilitation program for his alcohol problem. He further testified that he used drugs in the 1970's and 1980's, and that he tried crack once or twice in the 1990's.