876 So.2d 1228 (2004)
Shawna PARKERSON, Appellant,
v.
Padget NANTON and Trailer Bridge, Inc., a foreign corporation licensed to do business in the State of Florida, Appellees.
No. 1D03-0991.
District Court of Appeal of Florida, First District.
June 10, 2004.
Rehearing Denied July 15, 2004.
*1229 James H. Daniel and Howard C. Coker, Jacksonville, and Howard S. Grossman of Grossman & Goldman, P.A., Boca Raton, for Appellant.
Robert E. Biasotti of Carlton Fields, P.A., St. Petersburg, for Appellees.
PER CURIAM.
Shawna Parkerson, the plaintiff below in this personal injury action arising out of a motor vehicle accident in which she was injured and her father was fatally injured, appeals an order in the favor of Padget Nanton and Trailer Bridge, Inc., appellees, which denied appellant's renewed motion for directed verdict and her motions for entry notwithstanding the verdict, for additur, and for new trial. We affirm all issues raised on appeal.
We find that there was competent substantial evidence upon which the jury could have concluded that appellant's post-traumatic stress disorder was not permanent. Thus, we find no error in denying the appellant's motions. See Howell v. Winkle, 866 So.2d 192, 195 (Fla. 1st DCA 2004)(viewing evidence in light most favorable to nonmoving party, if there is any evidence upon which a jury could lawfully find for nonmoving party, a verdict should not be directed); Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998)(jury could find that an award of economic damages for palliative care was reasonable, while at the same time finding that an award for future pain and suffering either was not proven by greater weight of evidence or *1230 was otherwise not compensable); Republic Servs. of Florida v. Poucher, 851 So.2d 866, 870 (Fla. 1st DCA 2003)(additur not appropriate where the jury could have reached its verdict in a manner consistent with the evidence adduced).
Appellant also asserts that a directed verdict was required because certain statements of appellees' counsel made in opening and closing argument constituted a judicial admission as to the permanency of appellant's post-traumatic stress disorder. Although we recognize that this theory has been adopted in other jurisdictions, see, e.g., Childs v. Franco, 563 F.Supp. 290, 292 (E.D.Pa.1983); Larson v. A.T.S.I., 859 P.2d 273, 275 (Col.App.1993); Lowe v. Kang, 167 Ill.App.3d 772, 118 Ill.Dec. 552, 521 N.E.2d 1245, 1247-48 (1988); Walter v. Wal-Mart Stores, Inc., 748 A.2d 961, 967 (Me.2000); Kohne v. Yost, 250 Mont. 109, 818 P.2d 360, 362 (1991); and Francis v. Pountney, 972 P.2d 143, 147 (Wyo.1999); but see Kuzmic v. Kreutzmann, 100 Wis.2d 48, 301 N.W.2d 266 (Ct.App.1980), we decline to adopt it under the circumstances here. Further, under Florida law, absent a stipulation, statements of counsel not made under oath are not evidence. See Murphy v. State, 667 So.2d 375 (Fla. 1st DCA 1995); State v. Thompson, 852 So.2d 877, 878 (Fla. 2d DCA 2003); and Sloan v. Sloan, 393 So.2d 642, 644 (Fla. 4th DCA 1981); see also section 1.1. Florida Standard Jury Instructions in Civil Cases ("The statements that the attorneys now make and the arguments that they later make are not to be considered by you ... as evidence in the case ...").
Finally, the trial court did not abuse its discretion in admitting into evidence the appellant's use of marijuana and alcohol. Unlike Nichols v. Benton, 718 So.2d 925, 926 (Fla. 1st DCA 1998), where we held that the trial court abused its discretion in admitting similar evidence because there was no record evidence establishing relevancy, here the evidence of marijuana and alcohol use was relevant to appellant's depression which was an element of her post-traumatic stress syndrome. The medical testimony in the record shows that the use of marijuana and alcohol could contribute to a person's symptoms of depression and affect negatively the effectiveness of anti-depression medication.
AFFIRMED.
WOLF, C.J., ERVIN AND VAN NORTWICK, JJ., CONCUR.