914 So.2d 458 (2005)
Judith SHAW, Appellant,
v.
Vidya S. JAIN, M.D., Vidya S. Jain, P.A., a professional association; and Vidya S. Jain, M.D., d/b/a Jain Hand Surgery Center, Appellees.
No. 1D04-4178.
District Court of Appeal of Florida, First District.
October 20, 2005.
Rehearing Denied November 22, 2005.
*459 Tracy S. Carlin of Mills & Carlin, P.A., Jacksonville, for Appellant.
Michael R. D'Lugo and Richard E. Ramsey of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellees.
WEBSTER, J.
Judith Shaw seeks review of an adverse final judgment entered following a jury trial in her medical malpractice action against Dr. Vidya Jain, individually and doing business as Jain Hand Surgery Center, and his professional association. We conclude that the trial court committed reversible error when it permitted Jain to present to the jury irrelevant and prejudicial evidence regarding Shaw's use of marijuana notwithstanding Shaw's repeated objections. Accordingly, we agree with Shaw that the trial court should have granted Shaw's motion for a new trial because of that error, and reverse and remand with directions to that effect.
Shaw's action alleged that Jain had cut her median nerve while performing a carpal tunnel release on her right hand, and then negligently failed to diagnose and treat the cut nerve. According to the complaint, Shaw sustained permanent injuries as a result of Jain's negligence. As a part of his affirmative defense that Shaw had been comparatively negligent, Jain alleged that Shaw "ha[d] used marijuana to control pain to her hands and has not told this to her treating physicians. . . ." According to Jain, "withholding of this information . . . impacted the pain management aspect of [Shaw's] treatment, which has contributed to her damages." Prior to trial, Shaw filed a motion in limine asking that evidence of alleged illegal drug use be precluded because it would be irrelevant, and because "introduction of such evidence is likely to confuse or mislead the jury and is more prejudicial than probative," citing section 90.403 of the Florida Evidence Code. The trial court denied that motion, as well as a motion for reconsideration filed immediately before the trial commenced.
*460 At trial, over repeated objections, Jain was permitted to present to the jury evidence that Shaw had tested positive for marijuana on a drug test performed at the behest of her employer more than two years before the surgery, and that she had again tested positive about a year after the surgery while receiving treatment from a pain management physician. Four physicians were permitted to testify that a patient's use of marijuana could have an impact on their treatment decisions. However, none testified that Shaw's use of marijuana would have affected their treatment of her. On the contrary, the physician who had treated Shaw for pain testified that Shaw's positive drug test did not change her treatment. In short, no evidence was presented that Shaw's use of marijuana had any impact whatsoever on the magnitude of her injuries, the treatment for those injuries, or her recovery. Notwithstanding the lack of such evidence, Jain's attorney referred to the marijuana usage in both opening statement and closing argument, implying that it had, in fact, had an adverse effect on Shaw's recovery.
The standard of review applicable to Shaw's contention that the trial court erred when it permitted Jain to present to the jury evidence of her marijuana use is abuse of discretion. E.g., Ray v. State, 755 So.2d 604, 610 (Fla.2000) ("Admission of evidence is within the discretion of the trial court and will not be reversed unless there has been a clear abuse of that discretion."). However, when ruling on evidentiary matters, "a trial court's discretion is limited by the rules of evidence." Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001).
Here, the permissible scope of the trial court's discretion was circumscribed by three provisions of the Florida Evidence Code. Section 90.401 states that "[r]elevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2004). As Professor Ehrhardt explains in his treatise on Florida evidence, "for evidence to be relevant, it must have a logical tendency to prove or disprove a fact which is of consequence to the outcome of the action." Charles W. Ehrhardt, Florida Evidence § 401.1, at 120 (2005 ed.) (footnote omitted). Section 90.402 states that "[a]ll relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. (2004). As Professor Ehrhardt again explains, section 90.402 excludes by logical implication all evidence which is not relevant. Florida Evidence § 402.1, at 162 n. 1. Finally, section 90.403 states in pertinent part that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2004).
There was no evidence in this case tending to prove that Shaw's marijuana use had any impact whatsoever on the magnitude of her injuries, the treatment for those injuries, or her recovery. In the absence of such evidence, the doctors' testimony that a patient's use of marijuana could have an impact on treatment decisions did not logically tend to prove or disprove any fact of consequence to the outcome of Shaw's action. Accordingly, it was irrelevant, and should not have been permitted. See Browning v. Lewis, 582 So.2d 101 (Fla. 2d DCA 1991) (holding that expert medical testimony that drug and alcohol use by an expectant mother could cause injuries of the type alleged was irrelevant and required a new trial because no evidence demonstrated any causal relationship between the drug and alcohol use of the plaintiff mother and the injuries sustained by her baby).
*461 Jain relies on Parkerson v. Nanton, 876 So.2d 1228 (Fla. 1st DCA 2004), a prior decision of this court which he maintains reaches a contrary result on similar facts. However, the opinion in that case contains no recitation of the testimony. A prior opinion has precedential value only to the extent that it is possible to determine from the opinion that the material facts are sufficiently similar. See Cusick v. City of Neptune Beach, 765 So.2d 175, 177 (Fla. 1st DCA 2000) (citing Forman v. Fla. Land Holding Corp., 102 So.2d 596 (Fla.1958)); Adelman Steel Corp. v. Winter, 610 So.2d 494, 502-03 (Fla. 1st DCA 1992). Moreover, "[i]t is elementary that the holding in an appellate decision is limited to the actual facts recited in the opinion." Adams v. Aetna Cas. & Sur. Co., 574 So.2d 1142, 1153 (Fla. 1st DCA) (footnote omitted), review dismissed, 581 So.2d 1307 (Fla.1991). We may not look beyond the opinion, itself, in our search for the material facts. See Adelman Steel Corp., 610 So.2d at 502-03 (stating that it is impermissible to look to the record in the prior case for purposes of ascertaining the facts). Accordingly, in the absence of any recitation of the facts considered material to the court in Parkerson, we cannot determine whether the facts were sufficiently similar to those with which we are presented. As a result, Parkerson provides no precedent for our consideration. Because the evidence was irrelevant and prejudicial, it should not have been admitted. Because it was, Shaw is entitled to a new trial.
Even if we assume that the evidence regarding Shaw's marijuana use had some marginal relevance, however, the outcome remains the same. By repeated reference to Shaw's marijuana use in opening statement, during the doctors' testimony, and in closing argument, the marijuana use became a feature of the trial. As such, any marginal probative value it might have had was clearly outweighed "by the danger of unfair prejudice, confusion of issues [and] misleading the jury." Accordingly, its use should have been prohibited pursuant to section 90.403 of the Florida Evidence Code. See, e.g., Brown v. Ford, 900 So.2d 646 (Fla. 1st DCA), review denied, No. SC05-993, 911 So.2d 792 (Fla. Aug. 29, 2005); Mount v. Camelot Care Ctr. of Dade, Inc., 816 So.2d 669 (Fla. 3d DCA 2002); Nichols v. Benton, 718 So.2d 925 (Fla. 1st DCA 1998). See also Florida Evidence § 403.1, at 174 (note 29 and accompanying text). Because we conclude that no reasonable person could reach a contrary determination, we conclude, further, that the trial court abused its discretion when it permitted such evidence. See generally Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980) (discussing the "`reasonableness test'" to be applied pursuant to the abuse of discretion standard of review).
For the reasons recited in this opinion, the order denying Shaw's motion for a new trial is reversed, and the case is remanded with directions that the trial court afford Shaw a new trial. Our disposition renders it unnecessary to address Shaw's remaining issues.
REVERSED and REMANDED, with directions.
BENTON and LEWIS, JJ., concur.