939 So.2d 1122 (2006)
Jose CANSECO, Jr., and Oswaldo Canseco, Appellants,
v.
Alan CHEEKS and Christian Presley, Appellees.
Nos. 3D05-1661, 3D05-1660.
District Court of Appeal of Florida, Third District.
October 4, 2006.
Robert O. Saunooke, Miramar, for appellants.
Gaebe, Mullen, Antonelli, Esco & DiMatteo, and Christienne H. Sherouse, and Anne C. Sullivan, Coral Gables; Podhurst Orseck, and Stephen F. Rosenthal, Miami, for appellees.
Before GERSTEN, GREEN, and SUAREZ, JJ.
PER CURIAM.
Jose Canseco, Jr., ("Jose"), and Oswaldo Canseco, ("Ozzie"), (collectively "the Cansecos"), appeal the trial court's order of final judgment in favor of Christian Presley, ("Presley"), and Alan Cheeks, ("Cheeks"), in a tort action. We affirm.
On Halloween night, the Cansecos, who are former professional baseball players and martial art experts, went to a Miami Beach nightclub costumed as modern-day vampires and leather-clad warriors. Cheeks, a scientist and accomplished woodwind musician, and Presley, an oncology drug researcher, were in Miami Beach *1123 for a conference and ended up at the same nightclub.
Without any provocation, Jose attacked Presley, shoving him against a column, lifting him by the throat, and choking him. Jose punched Presley several times before proceeding to punch Cheeks. A bouncer tried to stop the attack, but Jose continued. As a result, Presley had a broken nose, and Cheeks suffered lip injuries that hindered his ability to play his saxophone.
Presley and Cheeks sued the Cansecos for battery, conspiracy to commit battery, and the intentional infliction of emotional distress, ("IIED"). The jury found in favor of Presley and Cheeks and awarded compensatory and punitive damages. The trial judge remitted part of the punitive damages award, and then ordered the jury to assign liability jointly and severally. The Cansecos appeal.
The Cansecos first contend that the trial court abused its discretion in admitting medical bills without physician authentication. We reject the contention that it is necessary to introduce expert testimony as a precondition to admitting the medical bills. See Garrett v. Morris Kirschman & Co., 336 So.2d 566, 571 (Fla. 1976); A.J. v. State, 677 So.2d 935 (Fla. 4th DCA 1996); Irwin v. Blake, 589 So.2d 973 (Fla. 4th DCA 1991).
Second, the Cansecos argue that the trial court erred in finding the Cansecos liable for IIED. We believe the Cansecos' conduct satisfies an IIED claim. See LeGrande v. Emmanuel, 889 So.2d 991, 994 (Fla. 3d DCA 2004); Johnson v. Dep't of Health & Rehab. Servs., 695 So.2d 927, 929-930 (Fla. 2d DCA 1997).
Next, the Cansecos contend that the trial court erred in awarding punitive damages. We disagree because intentional battery supplies the requisite proof of malice, justifying a punitive damages award. See Brown v. Ford, 900 So.2d 646, 648 (Fla. 1st DCA 2005); Parsons v. Weinstein Enters., Inc., 387 So.2d 1044, 1046 (Fla. 3d DCA 1980).
Finally, the Cansecos argue that the trial court erred in holding the Cansecos jointly and severally liable. We disagree. See Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 976 (Fla. 4th DCA 1999).
Accordingly, we affirm the final judgment in favor of Presley and Cheeks.
Affirmed.