FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-2298
_____

R-L SALES, LLC, a Utah Limited
Liability Company,

   Appellant,

   v.

J. MICHAEL HOCE,

   Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

July 9, 2019

PER CURIAM.

   After an e-cigarette exploded in Appellee's mouth and damaged several of his teeth, he sued the companies that manufactured and sold the e-cigarette and its component parts. The appellant, R-L Sales, LLC,[1] was the only remaining defendant at the time of the trial, and the jury found it 100% at fault for Appellee's injuries.[2]  The jury awarded Appellee nearly $48,000 for

_____

   [1] R-L Sales sold the lithium ion battery that was used in the e-cigarette.

   [2] The jury apportioned no fault to Appellee or the *Fabre* defendants listed on the verdict form.

medical expenses and $2 million for "pain and suffering, disfigurement, inconvenience, and loss of enjoyment of life." The trial court denied R-L Sales' post-verdict motion for new trial or remittitur and entered a final judgment in the amount of the jury verdict less collateral source setoffs. This appeal followed.

As it did below, R-L Sales argues on appeal that (1) the trial court should have allowed it to introduce evidence that Appellee was a methamphetamine (meth) user and (2) the noneconomic damage award is excessive and should be reduced. We reject both arguments and affirm the final judgment.

With respect to the first issue, R-L Sales sought to introduce evidence that Appellee was a meth user to show that his need for extensive restorative dental work was largely attributable to the corrosive effects of meth on his teeth and not the e-cigarette explosion. The trial court excluded the evidence as irrelevant and more prejudicial than probative. We find no abuse of discretion[3] in that ruling. Although the fact that Appellee already had extensive dental problems was relevant to the jury's determination of the extent of damages attributable to the e-cigarette explosion, the *cause* of Appellee's preexisting dental problems—i.e., whether it was meth use, too many sugary drinks, or simply extremely poor dental hygiene—was not relevant to any issue the jury had to decide. Moreover, because evidence of illegal drug use is inherently prejudicial, even if the cause of Appellee's preexisting dental problems had some marginal relevance, the probative value of the evidence that Appellee was a meth user was substantially outweighed by its prejudicial effect. *See Shaw v. Jain*, 914 So. 2d 458 (Fla. 1st DCA 2005); *Nichols v. Benton*, 718 So. 2d 925 (Fla. 1st DCA 1998).

---

[3] *See Dessaure v. State*, 891 So. 2d 455, 466 (Fla. 2004) ("A trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.").

With respect to the second issue, we find no abuse of discretion[4] in the trial court's denial of R-L Sales' motion for remittitur of the noneconomic damage award. Even though the award is substantial, it has adequate record support,[5] and it is not so large that it shocks the judicial conscience. Accordingly, like the trial court, we have no basis to set aside or reduce the award.

For these reasons, the final judgment is AFFIRMED.

RAY, C.J., and ROBERTS and WETHERELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jack R. Reiter and Robert C. Weill of GrayRobinson, P.A., Miami; Maria A. Santoro and Teresa Ward of Dennis, Jackson, Martin & Fontela, P.A., Tallahassee, for Appellant.

T. Michael Morgan and Harris I. Yegelwel of Morgan & Morgan, P.A., Orlando; Thomas J. Seider of Brannock & Humphries, Tampa; and Richard D. Stratton of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for Appellee.

_____

[4] *See Odom v. R.J. Reynolds Tobacco Co.*, 254 So. 3d 268, 275 (Fla. 2018) ("[A] trial court's ruling on a motion for remittitur is reviewed for an abuse of discretion.").

[5] For example, among other things, the jury heard evidence that, since the accident, Appellee has had constant pain in his teeth that he did not have before; he has had trouble eating and sleeping; and he will have to undergo multiple painful surgeries to fix the damaged teeth and other dental problems caused by the accident.

3