453 So.2d 1171 (1984)
METROPOLITAN DADE COUNTY, Appellant,
v.
Minnie COX, Appellee.
No. 83-2687.
District Court of Appeal of Florida, Third District.
August 7, 1984.
*1172 Robert A. Ginsburg, County Atty., and Thomas W. Logue, Asst. County Atty., for appellant.
Gary E. Garbis, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Dade County appeals from a $50,000 judgment reduced from a $60,000 jury verdict under Sec. 768.28(5), Fla. Stat. (1981). The recovery was based upon findings that the plaintiff, who had slipped and fallen in an accumulation of water in a Jackson Memorial Hospital corridor caused by a backed-up drain, had sustained $100,000 in damages and was 40% comparatively negligent. The only point which deserves discussion is the claim that the fact that the county "admitted liability"  leaving the contributory-comparative negligence issue for jury determination  rendered it erroneous for the trial court to have admitted an internal memorandum from the chairman of the hospital's safety committee indicating that it had been on actual notice of the defective condition for some time prior to Ms. Cox's accident and that there had been at least one previous fall at the area in question.[1] We reject this argument and affirm.
While the county correctly contends that evidence concerning liability is irrelevant and prejudicial when, as in the decisions it cites, Barton v. Miami Transit Company, 42 So.2d 849 (Fla. 1949); Neering v. Johnson, 390 So.2d 742, 743 (Fla. 4th DCA 1980); and School Board of Palm *1173 Beach County v. Taylor, 365 So.2d 1044 (Fla. 4th DCA 1978), the defendant admits entire responsibility for the accident and only the amount of damages remains to be decided, this rule had no application whatever when, as here, the jury must determine the percentage, that is the relative extent of each party's negligence under the comparative negligence doctrine. The fact-finders' task in such a case is to determine
such proportion of the entire damages plaintiff sustained as the Defendant's negligence bears to the combined negligence of both the Plaintiff and the Defendant.
Hoffman v. Jones, 280 So.2d 431, 438 (Fla. 1973); see Insurance Company of North America v. Pasakarnis, 425 So.2d 1141, 1143, n. 4 (Fla. 4th DCA 1982) (Schwartz, A.J., dissenting), approved in Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984). Obviously, this cannot be done without complete information as to the quantity, quality, nature and degree of the defendant's conduct so that the jury knows just what to "compare" with its assessment of the plaintiff's. In this case, by entering the so-called admission of liability, the defendant below essentially conceded only that it was 1% responsible for the plaintiff's injuries. When the issue of the relative percentages thus remains virtually entirely open and depends upon the extent of the county's own negligence, it surely cannot insist that it does not matter that it knew of, but ignored the condition which caused the accident.
In like manner, it could not be contended that by admitting liability in an intersection accident while claiming that the plaintiff was comparatively negligent in exceeding the speed limit, the defendant could preclude, as "irrelevant," testimony that he had run a stop sign at 90 miles per hour while blind drunk. That was the exact holding in Amend v. Bell, 89 Wash.2d 124, 570 P.2d 138 (1977), where the court said:
The critical matter then is whether all of the evidence of the defendant's conduct is admissible on the issue of comparative negligence when a defendant admits that one of his acts was a proximate cause of the injury, but claims plaintiff's negligence was also a proximate cause. Specifically in this case, can plaintiff introduce evidence of alleged intoxication and speed when defendant admits that his failure to yield the right of way was a proximate cause of the collision and plaintiff's injuries?
The essential question is whether, in a comparative negligence setting, a defendant can shield his total alleged acts of negligence from the jury by admitting to one act of negligence while exposing all of the blameworthy conduct of the plaintiff. We think not.
Comparative negligence means comparison. The trier of fact compares the negligence of plaintiff and defendant. Fault is compared to fault. Thus to determine the negligence of the parties, the trier of the facts must hear the totality of fault. Failure to yield the right of way may be a proximate cause of a collision, but how much more responsibility for the injury was attributable to the defendant who might have been intoxicated or speeding. If we have comparative negligence, we must look at all of the proximate causes of the collision and its consequent injuries.
570 P.2d at 142.
The general law on the subject is summarized in the leading and remarkably similar case of Sears v. Southern Pacific Company, 313 F.2d 498 (9th Cir.1963), decided under the Federal Employers' Liability Act, which embodies a comparative negligence rule identical to Florida's. See St. Pierre v. Public Gas Co., 423 So.2d 949 (Fla. 3d DCA 1982) (applying FELA-Jones Act authority to resolve Florida comparative negligence issue). In Sears, the trial court excluded from evidence a "notice letter," like the one in this case, concerning the area in which the plaintiff was injured. On his appeal from an allegedly inadequate verdict, the railroad countered that the ruling was harmless. The court disagreed. It stated that

*1174 counsel was careful to state that the purpose of the letter was simply to show that the defendant had knowledge of the alleged hazard from and after the date it received the letter. So limited, the exhibit should have been admitted. See 6 Wigmore, Evidence, § 1789 at 235 (3d ed. 1940).
Defendant, however, contends that any adverse effect the ruling may have had on plaintiff's case was cured by the court's instructions. Defendant points out that although its knowledge, actual or constructive, of the peril was a material fact essential to the existence of negligence ... the court completely ignored this issue and flatly told the jury that defendant had the duty to provide plaintiff with a reasonably safe place to work. Defendant's contention would have merit if this case were governed by common law rules, for under them relative negligence by either party is immaterial, and any causal negligence of the plaintiff operates to bar his recovery. But this case is prosecuted under the FELA and section 3 of that Act expressly provides that a plaintiff's contributory negligence is no bar "but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to [him]."
* * * * * *

Katila v. Baltimore & O.R.R., 104 F.2d 842 (6th Cir.1939) affords a concrete illustration of the effect of the doctrine of comparative negligence in an action prosecuted under the provisions of the FELA. From that opinion it appears plaintiff had prevailed in the trial court but nevertheless appealed, assigning as error the court's failure to instruct the jury on two of the four separate acts of negligence charged against defendant. The Court of Appeals reversed, saying that ordinarily:
"[W]hen negligence of a defendant is established compensation is based not upon the gravity of the fault or the number of faults that led to the injury, but is measured by the loss suffered, damages in the usual case being compensatory and not punitive. But once there is introduced into the law, as here, the doctrine of comparative negligence, and a jury permitted to reduce damages in proportion as the plaintiff's negligence bears to total negligence, then there may not be adequate assay of total negligence unless all negligence supported by evidence is given consideration." Id. at 843.
* * * * * *
Does Section 3 of the FELA, in referring to "amount of negligence," relate only to the quantity of a party's negligence, or does it relate also to its quality?

Norfolk & Western Railway v. Earnest, supra, seems to contemplate the latter. The Court did not state that a plaintiff is entitled to receive a share of the damages based on the amount of the injury caused by the negligence of the defendant, but stated in effect that the plaintiff is entitled to a share of the damages based upon the amount of the defendant's negligence as it compares to the negligence of both parties. Id. 229 U.S. 114 at 122, 33 S.Ct. [654] at 657 [57 L.Ed. 1096 (1913)]. In thus placing emphasis on comparative fault, rather than comparative contribution, the Supreme Court apparently regarded as important all circumstances tending to characterize the fault of the parties. The Sixth Circuit, in commenting on the Earnest case, has so held. In New York, C. & St. L.R.R. v. Niebel, 214 F. 952 (6th Cir., 1914) ..., the court said
"It does not follow that rule C-14 and testimony of its meaning in practice are wholly inadmissible because its violation was neither declared upon as negligence nor could operate to justify wholly plaintiff's conduct. Under the rule of comparative negligence, the jury is entitled to consider all the circumstances which characterize the negligence of either party and which tend to fix the quantity and quality of that negligence in its relation to the sum total of the negligence of both *1175 parties. Even though the negligence of either party clearly appears, all circumstances of aggravation or of mitigation must be considered; and in view of some of the evidence found in the record regarding the proper practice under this rule, it cannot be said as a matter of law that its nonobservance could have no effect in lessening the quantum of [decedent's] fault... ."
We share the view of the Sixth Circuit that no fair appraisal of the fault of the party can be made unless all incidents of an act of negligence, as well as the act itself, are presented to the jury for its consideration. [e.s.] [footnotes omitted]
313 F.2d at 501-503. Accord, e.g., Murphy v. National Railroad Passenger Corp., 547 F.2d 816, 818 (4th Cir.1977); Hval v. Southern Pacific Transportation Co., 39 Or. App. 479, 592 P.2d 1046 (1979); Mole & Wilson, A Study of Comparative Negligence (pts. 1-2), 17 Corn. L.Q. 333, 604 (1932); Philbrick, Loss Apportionment in Negligence Cases (pts. 1-2), 99 U.Pa.L.Rev. 572, 766 (1951); Prosser, Comparative Negligence, 51 Mich.L.Rev. 465 (1943); Turk, Comparative Negligence on the March (pts. 1-2), 28 Chi-Kent L.Rev. 189, 304 (1951).
The other points raised are devoid of merit.
Affirmed.
NOTES
[1] On appeal, the county alternatively argues that an allegedly inflammatory portion should have been deleted from the memorandum and that the exhibit was not properly authenticated under Sec. 90.803, Fla. Stat. (1981). Since these contentions were not made below, we do not consider them here. Tabasky v. Dreyfuss, 350 So.2d 520 (Fla. 3d DCA 1977); Sears v. Southern Pacific Co., infra, 313 F.2d at 54, n. 2.