BLOOM, BETH, Associate Judge.
We reverse the final judgment in this personal injury action because the trial court’s ruling excluding evidence of the extent of the defendant’s negligence prevented the jury from properly considering the issue of the parties’ comparative fault.
This case arises from an accident involving a car and a scooter. Abby Chronister was riding as a passenger on a scooter in Fort Lauderdale. Appellee Christopher Basora was driving a car on the same street in the center lane. Basora abruptly turned into Chronister’s lane and caused the collision. Chronister was not wearing a helmet and suffered permanent brain injury. Chronister’s mother and guardian, appellant Mary Lenhart, brought a negligence suit on Chronister’s behalf. Basora admitted that he negligently operated his car but asserted that any recovery should be reduced by Chronister’s comparative negligence in failing to wear a helmet.
Before trial, Basora moved in li-mine to prevent Lenhart from introducing certain evidence pertaining to his negligence. This evidence included the fact that Basora had never been issued a driver’s license, that he had driven a car only once before the accident — on a joyride when he was thirteen — that he did not remember if he was wearing his glasses at the time of the collision, and that he had failed to take his medication for depression and anger management on the day of the accident. Basora maintained that such evidence was irrelevant and lacked probative value since he admitted his negligence in causing the accident. The trial court agreed and granted Basora’s motion, refusing to allow the evidence.[1] The jury determined Chronister’s damages to be $11,802,488.80, apportioning her fault at 67% and 33% for Basora. In accordance with this apportionment of liability, Chron-ister’s damages were reduced to $3,827,621.30. This appeal followed.
The trial court’s exclusion of evidence regarding Basora’s negligence prevented the jury from fully evaluating the parties’ comparative negligence.
We agree with the reasoning in Metropolitan Dade County v. Cox, 453 So.2d 1171 (Fla. 3d DCA 1984), which recognized that:
While ... evidence concerning liability is irrelevant and prejudicial when ... the defendant admits entire responsibility for the accident and only the amount of damages remains to be decided, this rule ha[s] no application whatever when, as here, the jury must determine the *1179 percentage, that is the relative extent of each party’s negligence under the comparative negligence doctrine. The fact-finder’s task in such a case is to determine
such proportion of the entire damages plaintiff sustained as the Defendant’s negligence bears to the combined negligence of both the Plaintiff and the Defendant.
Id. at 1172-73 (quoting Hoffman v. Jones, 280 So.2d 431, 438 (Fla.1973)) (internal citations omitted).
“Comparative negligence means comparison.” Id. at 1173 (quoting Amend v. Bell, 89 Wash.2d 124, 570 P.2d 138, 142 (1977)). To parse out the comparative negligence of the parties, the trier of fact must hear the “totality of fault” of each side. Id. Without the excluded evidence, Basora shielded the extent of his negligence from the jury while exposing all of Chronister’s blameworthy conduct. Chronister’s failure to wear a helmet became the dominant feature of the trial. Without the whole story, the jury could not apportion negligence, so Chronister’s failure to wear a helmet turned into the issue of her failure to mitigate her damages.
The supreme court has rejected such a “mitigation of damages” approach in a similar context-the failure of the plaintiff to wear a seat belt. See Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996). There is no meaningful distinction in a comparative negligence analysis between the failure to wear a seat belt and the failure to wear a helmet. Ridley squarely held that a person’s failure to use a seatbelt was an issue of comparative negligence. Id. at 943. Treating the failure to wear a helmet as an issue of comparative negligence “serves to simplify resolution of the single issue of whether [Chronister’s] failure to [wear a helmet] contributed to her injuries.” Id.
We have considered the other grounds raised on appeal and find no error.
Basora cannot demonstrate that the failure to allow evidence on the nature of his negligence “did not influence the trier of fact and thereby contribute to the verdict.” Special v. Baux, 79 So.3d 755, 771 (Fla. 4th DCA 2011), rev. granted sub nom. Special v. W. Boca Med. Ctr., 90 So.3d 273 (Fla.2012). Therefore, we reverse and remand for a new trial on liability and damages. See Currie v. Palm Beach Cnty., 578 So.2d 760 (Fla. 4th DCA 1991); Rowlands v. Signal Constr. Co., 549 So.2d 1380 (Fla.1989).
POLEN, J., concurs.
GROSS, J., concurs specially with opinion.

. This same argument was made at the charge conference after Lenhart requested that several traffic statutes be included in the jury instructions. The court denied the request, reasoning that the instructions were not relevant due to Basora's admission of negligence.