DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CANDICE JONES,** as Personal Representative of the **ESTATE OF
RYLAND NYE,** Deceased,
Appellant,

v.

**MICHAEL ALAYON,**
Appellee.

No. 4D12-4546

[April 8, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Eileen O'Connor, Judge; L.T. Case No. 06-21320 04.

Walter G. Campbell and Kelley B. Stewart of Krupnick, Campbell,
Malone, Buser, Slama, Hancock, Lieberman, P.A., Fort Lauderdale, for
appellant.

Hinda Klein and Elizabeth A. Izquierdo of Conroy, Simberg, Ganon,
Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellee.

WARNER, J.

In this wrongful death action arising out of an automobile accident, the
jury found the decedent at fault for his own death due to his failure to
wear a seatbelt. It awarded fewer damages than the plaintiff sought. On
appeal, the decedent's estate argues that the court abused its discretion
in admitting hearsay that the decedent's wife spent the parties' money on
drugs; abused its discretion in prohibiting the introduction of evidence
that the defendant was a police officer who fled the scene; and erred in
failing to direct a verdict on the seatbelt defense where the evidence was
undisputed that the seatbelt was inoperable. Because the trial court ruled
that the statement regarding drug use constituted an admission by a party
opponent, it did not err in finding it admissible. As to the exclusion of the
evidence regarding the defendant, the trial court acted within its discretion
in determining that its probative value was substantially outweighed by
the danger of unfair prejudice. Finally, the court did not err in denying
the motion for directed verdict because proof of an available and
operational seatbelt is not a prerequisite to asserting, as comparative

negligence, the failure to use a seatbelt. We therefore affirm the final judgment.

Candice Jones, the daughter and personal representative of the Estate of Ryland Nye, brought a wrongful death action against Michael Alayon, the driver of the vehicle involved in the accident which resulted in Nye's death. Defendant rear-ended Nye's vehicle which caused Nye's car to strike a guardrail and overturn, resulting in Nye's ejection from the vehicle. Nye's death resulted either when he struck the pavement or when he was hit by other motorists thereafter. Defendant, an off-duty police officer, left the scene and later reported to police investigators that his car had been stolen. Subsequently, he admitted he lied, and at the time of the trial was incarcerated on charges relating to the accident. At trial he admitted liability for causing the accident but disputed whether his actions caused Nye's death, alleging that Nye's failure to use a seatbelt constituted comparative negligence.

Prior to the commencement of trial, the defense moved in limine to prevent admission of the fact that defendant was a police officer who fled the scene, as the defendant admitted liability for causing the accident. He claimed that its probative value was substantially outweighed by the danger of unfair prejudice, as the jury might "punish" the defendant for this behavior. The estate argued this evidence was relevant to damages, because these facts increased the mental anguish of Nye's survivors. It proffered testimony from the decedent's wife that she was additionally traumatized to know that a law enforcement officer would have left her husband without trying to help or respond. The court conducted an analysis under section 90.403, Florida Statutes (2012), and determined that the probative value was substantially outweighed by the danger of unfair prejudice, because the wife's main trauma was the occurrence and manner of the accident itself.

On the issue of damages to the estate and survivors, the decedent's family relationships were explored. The decedent had been married three times. Jones and her sister were his children from a former marriage, and he had an additional minor daughter from another marriage. At the time of his death he was married to Debra Nye. The complaint sought damages on behalf of the estate, his wife, and his children.

At trial, Jones testified about the family relationships. During cross-examination, defense counsel asked her whether she had ever told her sister that her father's present wife was spending a lot of his money on drugs and alcohol. Jones denied ever mentioning this. The sister did not testify at trial and resides in Tennessee. During the defense case, counsel

2

read into evidence, over a hearsay objection by Jones, a portion of the sister's deposition in which she testified that her father had financial issues, and that Jones told her that what the wife was spending "my dad's money on was probably drugs and alcohol. She did not work." She later reiterated that she had heard "about her [the wife's] drug use and alcohol use" from Jones. In opposing its admission, Jones argued that the sister's testimony was "hearsay on hearsay" because the sister was relaying a statement from Jones, but Jones must have been repeating statements made to her by her father. The defense argued that Jones's statements were admissions of a party opponent.

The court overruled the objection, finding that the statement was an admission of a party opponent, as Jones was the personal representative of the estate. Moreover, it was relevant to the estate's claim of lost net accumulations.

With respect to the affirmative defense of failure to wear a seatbelt, Jones presented evidence that the decedent always wore a seat belt, although he was not wearing one on the morning of the accident. His vehicle had a seat belt, but the investigating officer testified it had coins or an obstruction inside of it, which made it inoperable. In the wife's testimony, she explained that when the decedent would pay tolls on the turnpike he would take off his seat belt to get into his pocket for change. She thought that some of the coins had fallen into the belt mechanism in that way. On the Saturday before the accident, she became aware of the malfunctioning seat belt and gave the decedent some tweezers to try to get the coins out, but he was not able to do so. She understood that he was going to have to buy another belt to fix it, but the weekend intervened. The following day was a Sunday, followed by Columbus Day, and the accident occurred early in the morning on Tuesday while the decedent was on his way to work. The defense presented expert evidence that the decedent's failure to wear a seatbelt caused his death.

Plaintiff moved for a directed verdict on the seat belt defense, arguing it was legally insufficient because there was no evidence that the seat belt was operational at the time of the accident. The defense argued the initial burden was on the defense to prove the car had seat belts, at which point the burden shifted to plaintiff to demonstrate the seat belts were non-operational. A jury question still would remain, the defense argued, as to whether there was any negligence on the part of the decedent which resulted in the belt's inoperability. The court denied the motion for a directed verdict, concluding that the issue was one for the jury. During its closing argument, the defense argued both that the plaintiff's theory of

how the coins got stuck in the seat belt was not believable and that the defendant was negligent in not getting the belt fixed.

The jury returned a verdict assigning 30% fault to the defendant and 70% fault to the decedent. It awarded the estate $11,178 for funeral expenses and $40,000 in lost net accumulations; $200,000 to the wife for loss of support and services and $50,000 for pain and suffering; and awarded the minor daughter $30,000 for loss of support and services and $7,000 for pain and suffering. It awarded Jones nothing for her claim of loss of services. Jones moved for a new trial based upon the same three arguments she now makes in this appeal. The trial court denied the motion, prompting this appeal.

The first two issues involve the trial court's rulings on evidence. "A trial court's decision on the admissibility of evidence is reviewed for abuse of discretion, as limited by the rules of evidence." *Herring v. State*, 132 So. 3d 342, 345 (Fla. 4th DCA 2014).

## Admissions of a Party Opponent

Jones claims that the trial court erred in admitting her sister's testimony as to Jones's statement that the decedent's wife was using the decedent's money to buy drugs and alcohol. She claims that this was hearsay within hearsay, because Jones's statement was relaying information given to her, but the source of that information is unknown, thus amounting to hearsay. We disagree, as the statement qualifies as an admission by a party opponent.

Section 90.803(18), Florida Statutes (2012), provides an exception to the inadmissibility of hearsay for admissions by a party:

> **(18) Admissions.**--A statement that is offered against a party and is:
> (a) The party's own statement in either an individual or a representative capacity;
> (b) A statement of which the party has manifested an adoption or belief in its truth . . . .

Admissions need not be based on firsthand knowledge by the party, the rationale being "that a witness will not make a statement against his interest unless he or she has made an adequate investigation." Charles W. Ehrhardt, *Florida Evidence*, § 803.18 (2014 ed.).

4

Although there is some contrary authority, the established rule in Florida, and the clear majority rule throughout the country, is that an admission by a party opponent or his agent need not be based on the personal knowledge of a party or his agent. This is so because when a person or his agent speaks against his own interest, as here, or otherwise makes relevant admissions of substantial importance to himself, it may be assumed that he or his agent has made an adequate investigation so that such statements possess, even if not based on firsthand observation, a substantial indicia of reliability.

*Metro. Dade Cnty. v. Yearby*, 580 So. 2d 186, 189 (Fla. 3d DCA 1991) (footnotes omitted). *Accord, Benjamin v. Tandem Healthcare, Inc.*, 93 So. 3d 1076, 1086 (Fla. 4th DCA 2012).

Applying the statute, Jones, as personal representative of the estate, was a party and made the statement to her sister. Thus, the statement is treated as an admission under section 90.803(18)(a), Florida Statutes (2012). That it is based upon what someone else may have told Jones is unimportant, in that she would not make the statement without some investigation or indicia of reliability. *See Yearby*, 580 So. 2d at 189.

Moreover, at trial Jones suggested that the decedent himself may have been the authority for the information, thus also qualifying as an admission by the deceased with whom the estate stands in privity. *See* Charles W. Ehrhardt, *Florida Evidence*, § 803.18(g) (2014 ed.) ("The admissibility of the decedent's statements is founded on a theory that privity of estate exists between the declarant and the party against whom the statements are sought to be used."); *Ritter v. Brengle*, 185 So. 2d 7, 9-10 (Fla. 2d DCA 1966) (finding statements were admissible under admission exception to hearsay rule, "even though [the declarant] is deceased and the [declarant's estate] has been substituted in his place"). Therefore, the statement falls within the exception to the inadmissibility of hearsay, and the trial court did not abuse its discretion in allowing its admission.

### Prohibition of Post-Accident Conduct as Evidence

The trial court also prohibited Jones from disclosing to the jury that the defendant was a police officer who fled from the scene. She claimed that because this information increased the wife's pain and suffering resulting from the accident, it should have been admitted. The court listened to the proffer of the wife's testimony on this issue and made a probative versus prejudicial analysis under section 90.403, Florida

Statutes (2012). "Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion." *Johnson v. State*, 40 So. 3d 883, 886 (Fla. 4th DCA 2010) (quoting *Trees v. K-Mart Corp.*, 467 So. 2d 401, 403 (Fla. 4th DCA 1985)).

Section 90.403, Florida Statutes (2012), provides: "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."

> In weighing the probative value against the unfair prejudice, it is proper for the court to consider the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.

*Johnson*, 40 So. 3d at 886 (emphasis omitted) (quoting *Taylor v. State*, 855 So. 2d 1, 22 (Fla. 2003)).

According to the trial court, the wife's proffered testimony indicated that she continued to have nightmares about the manner in which the accident occurred, not the fact that the defendant was a police officer who left the scene, although the latter circumstances made her unable to forgive the defendant. The trial court weighed this against the potential prejudicial effect of this evidence where the defendant had already admitted negligence. Such evidence of the defendant's post-accident bad acts could have inflamed the jury and caused them to award plaintiff damages in a desire to punish the defendant, even though no punitive damages were sought. *See generally Wright v. State*, 19 So. 3d 277, 296 (Fla. 2009) ("Unfair prejudice has been described as an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. . . . This rule of exclusion is directed at evidence which inflames the jury or appeals improperly to the jury's emotions.") (citations and internal quotation marks omitted). *Cf. Hendrix v. Burns,* 43 A.3d 415, 436-37 (Md. 2012) (in auto accident case where defendant admitted negligence, fact that plaintiff subsequently learned that defendant was drunk and attempted to flee was inadmissible). In an analogous situation, evidence regarding the defendant's sobriety at the time of the accident has been held inadmissible where negligence is admitted. *See Swanson v. Robles*, 128 So. 3d 915, 917-18 (Fla. 2d DCA 2013); *Neering v. Johnson*, 390 So. 2d 742, 744 (Fla. 4th DCA 1980).

The trial court carefully weighed the probative value of such testimony on the issues remaining in the case and determined that its prejudicial effect outweighed the probative value. No clear abuse of discretion has been shown.

## Comparative Negligence of Failure to Use a Seatbelt

Jones claims that the court should have directed a verdict because the undisputed evidence showed that the seat belt was inoperable at the time of the accident. Therefore, the defendant could not show that the decedent failed to use an available and operational seatbelt, which is required for the seatbelt affirmative defense. We disagree, as both statutory law and case law permit a jury to consider more factors than simply the availability and operability of a seatbelt.

In *Insurance Co. of North America v. Pasakarnis*, 451 So. 2d 447 (Fla. 1984), *abrogated in part by Ridley v. Safety Kleen Corp.*, 693 So. 2d 934 (Fla. 1996), the Florida Supreme Court established a common law seat belt comparative negligence defense, holding:

> [E]vidence of failure to wear an available and fully operational seat belt may be considered by the jury in assessing a plaintiff's damages where the "seat belt defense" is pled and it is shown by competent evidence that failure to use the seat belt produced or contributed substantially to producing at least a portion of the damages.

*Id.* at 449. Because, at that time, Florida did "not by statute require the use of available seat belts," the court did not adopt a negligence per se standard for the defense. *Id.* at 453. It held:

> Nonuse of the seat belt may or may not amount to a failure to use reasonable care on the part of the plaintiff. Whether it does depends on the particular circumstances of the case. Defendant has the burden of pleading and proving that the plaintiff did not use an available and operational seat belt, that the plaintiff's failure to use the seat belt was unreasonable under the circumstances, and that there was a causal relationship between the injuries sustained by the plaintiff and plaintiff's failure to buckle up. If there is competent evidence to prove that the failure to use an available and operational seat belt produced or contributed substantially to producing at least a portion of plaintiff's

damages, then the jury should be permitted to consider this factor, along with all other facts in evidence, in deciding whether the damages for which defendant may otherwise be liable should be reduced.

*Id.* at 454.

In 1986 the Florida Legislature enacted the Florida Safety Belt Law, which established that it is unlawful "[t]o operate a motor vehicle in this state unless the person is restrained by a safety belt." § 316.614(4)(b), Fla. Stat. (1986). The statute provides that a violation "shall not constitute negligence per se, nor shall such violation be used as prima facie evidence of negligence or be considered in mitigation of damages, but such violation may be considered as evidence of comparative negligence, in any civil action." § 316.614(10), Fla. Stat. (2006).

The supreme court addressed the effect of this statute on the common law seat belt defense in *Ridley v. Safety Kleen Corp.*, 693 So. 2d 934 (Fla. 1996). The court noted that the statute "makes no exception to its strict terms as to whether the vehicle is equipped with an available and fully operational seat belt." *Id.* at 943. But the court found that, because

> the legislature did not make the failure to wear a seat belt negligence per se or prima facie evidence of negligence[,] . . . . we conclude a **jury may still consider the availability or operability of a seat belt in its broader negligence analysis** since it is part of the circumstances upon which the jury may decide whether the plaintiff's omission was reasonable.

*Id.* at 943 n.14 (emphasis added).

We understand *Ridley* to hold that the seatbelt statute does not require the defendant to show that the plaintiff had an available and fully operational seatbelt as a prerequisite to asserting a comparative negligence defense. Instead, the failure to wear a seatbelt is an element of comparative negligence, and the jury can consider all of the surrounding circumstances, including the inoperability of the belt and the reason why it is inoperable, to determine whether the plaintiff was comparatively negligent. *Cf. DiMauro v. Metro. Suburban Bus Auth.*, 105 A.D.2d 236, 244-45 (N.Y. App. Div. 1984) (plaintiff's voluntary decision to sit in a seat that plaintiff knew had inoperable seat belt, where other seats with working seat belts were available, could be considered in mitigation of damages).

*Ridley* directed courts to cease using Florida Standard Jury Instruction (Civil) 6.14 which was drafted to implement the holding of *Pasakarnis.* That instruction had required the jury to determine "whether the greater weight of the evidence shows [that the automobile occupied by (claimant) was equipped with an available and fully operational seat belt,] [and] that (claimant) did not use the seat belt[.]" *Ridley*, 693 So. 2d at 937 n.3. Instead, the present Model Instruction No. 2 of the Florida Standard Jury Instructions (Civil), written for an auto accident case involving the plaintiff's comparative negligence including failure to wear a seat belt, directs the jury to determine "whether Jane Doe was herself negligent in the operation of her vehicle and/or in failing to wear her seat belt, if so, whether that negligence was a contributing legal cause of injury or damage to Jane Doe." *In re Standard Jury Instructions in Civil Cases—Report No. 12-01*, 130 So. 3d 596, 636 (Fla. 2013) (Model Instr. No. 2).[1]

Thus, proof that a seatbelt was available and fully operational is not a prerequisite to establishing the comparative negligence of the plaintiff. A jury must still consider all of the circumstances to determine whether the plaintiff was comparatively negligent in causing his or her injuries through the failure to wear a seatbelt. That the available seatbelt may be inoperable is certainly a factor for the jury to consider along with evidence of the plaintiff's negligence, or lack thereof, in driving the vehicle with an inoperable seat belt, which is a violation of the statute, unless one of the statutory exceptions applies. The trial court correctly denied the motion for directed verdict and left to the jury the resolution of the issue of comparative negligence of the decedent for failure to wear a seatbelt.

For the foregoing reasons, we affirm the final judgment.

MAY and GERBER, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The Florida Supreme Court provides the Model Jury Instructions to illustrate the use of the Florida Standard Jury Instructions in different hypothetical scenarios. These model instructions are available on the Florida Supreme Court's website at:
http://www.floridasupremecourt.org/civ_jury_instructions/instructions.shtml#model.